GEORGE E. KEENE v. JAMES S. MASTERMAN and Another.[1]

October 20, 1896.

Nos. 10,250—(165).

**Dismissal of Action—Conflicting Evidence.**

*Held*, on the evidence, it was error to dismiss the case on motion of defendants at the close of plaintiff's evidence.

**Defect in Pleading—Waiver.**

Rule applied that a defect in pleading is waived by voluntarily litigating the question on the trial.

Appeal by plaintiff from an order of the municipal court of Mankato, Shissler, J., denying a motion for a new trial. Reversed.

[1] Reported in 68 N. W. 771.

*William N. Plymat*, for appellant.

*Benedict & Flittie* and *A. J. Stackpole*, for respondents.

CANTY, J. This case was tried by the court without a jury, and, when plaintiff closed his evidence and rested, was dismissed by the court, on the motion of defendants.

1. We are of the opinion that this was error. Plaintiff claims that he performed certain services for the defendants, Masterman and Swenson, at their request, and that they promised to pay him therefor. Their claim is that they were simply acting as the agents of the Central Publishing Company, a corporation, when they employed plaintiff, which he well knew. A part of plaintiff's own testimony tends to prove the one claim, and a part of it tends to prove the other. If the case had been finally submitted to the trial court to find the facts on this evidence, the court would have been warranted in finding as defendants claim the facts to be. But the court would also have been warranted in finding as plaintiff claims the facts to be. Where the evidence of a witness is conflicting, inconsistent, or contradictory, as in this case, it cannot be disposed of by ruling on it as a question of law, but must be submitted to the jury or court to try the facts and ascertain what is the truth.

2. The point is made that the complaint does not allege that the defendants were partners, and it is contended that for this reason the court did not err in dismissing the case. When and how partnership should be alleged in a pleading, we will not now consider. It is only necessary to say that defendants made no such point on the trial, but the evidence of the joint promises and transactions of defendants were all received without objection.

The order appealed from is reversed, and a new trial granted.